PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JOSÉ MANUEL SEVILLA, Defendant; and DOMINGO MATOS, Defendant and Appellant.

No. 4611. Argued April 20, 1932.—Decided April 29, 1932.

*Armando A. Miranda* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Domingo Matos and José Manuel Sevilla were convicted in a municipal court of a breach of the peace. Sevilla paid his fine and Matos appealed to the district court where, at a trial *de novo,* he was again convicted.

The complaint charges a violation of section 368 of the Penal Code by fighting in a certain street of a certain municipality and thereby disturbing the peace and quiet of the immediate neighborhood. There is nothing to show that the peace of any one in the neighborhood was disturbed, unless it be that of the policeman who was an eyewitness. Whether or not a police officer is within the protection of the statute is a question that need not now be determined. See, however, 9 C.J. 388–389, section 4, note 32.

The policeman and Sevilla, a municipal inspector of public works, were engaged in conversation between one and two o'clock in the morning when Matos, the municipal jailer, arrived and reported to the policeman a disturbance of the peace in some other quarter. A conversation between Matos and Sevilla ensued and culminated in a combat. Sevilla struck the first blow. This blow followed immediately upon a statement made by Matos, which Sevilla regarded as offensive. Sevilla testified as a witness for the defense in the district court that he first insulted Matos, who replied in like manner, and that the blow followed this reply. The policeman did not remember who began the conversation between Matos and Sevilla. He did not hear the offensive remark

which Sevilla, according to his statement, first addressed to Matos.

It may be conceded that the evidence as a whole does not disclose so clear a case as in *People* v. *Torres,* 18 P.R.R. 897, and *People* v. *Franquis,* 24 P.R.R. 575. Nevertheless, the facts in the instant case, we think, bring it within the principle of those cases. A disturbance of the peace, in order to constitute an offense under section 368 of the Penal Code, must be wilful and malicious. The evidence in the case at bar does not establish the element of *mens rea.*

The judgment appealed from must be reversed.